IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FREDDY WAYNE JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>JASON MICHAEL BOWEN, RYAN WELDON, BLACKFEET INDIAN TRIBE, BUREAU OF INDIAN AFFAIRS, DANA A. CHRISTENSEN, MIKE COTTER, KRIS A. MCLEAN, WILLIAM MERCER, MARSHA GOOD SEPT-HURD, LORI SUEK, LATONNA SPOTTED EAGLE, SAM E. HADDON, WENDY RUNNING CRANE, MISTY DAWN KELLY, DARLENE ANNE BARRON, GENNEA ADELLE DANKS, ALAN ROBERT THORNE, TOM HERR, COLLEEN GRAY, MONTANA CHILD & FAMILY SERVICES, MONTANA CHILD PROTECTIVE SERVICES, BLACKFEET TRIBAL CHILD PROTECTIVE SERVICES, FEDERAL BUREAU OF INVESTIGATIONS, and BLACKFEET INDIAN HEALTH SERVICES,<br><br>Defendants. | CV 15-0013-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Freddy Jimenez's Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2).

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Jimenez has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Jimenez must pay the statutory $350.00 filing fee. Mr. Jimenez submitted a December 24, 2014 form from the Department of Justice that indicates the deposits in his inmate account for the prior six-month period totaled $175.00. (Doc. 1-1.) Therefore, he had an average monthly deposit of $29.17, and he must pay an initial partial filing fee of $5.83. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the Bureau of Prisons to collect the initial partial filing fee from Mr. Jimenez's account and forward it to the Clerk of Court.

Thereafter, Mr. Jimenez must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Jimenez to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until

the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Jimenez is a federal prisoner proceeding without counsel. The named Defendants are: Jason Bowen, Ryan Weldon, Blackfeet Indian Tribe, the Bureau of Indian Affairs, Judge Dana Christensen, Mike Cotter, Kris McLean, William Mercer, Marsha Hurd, Lori Suek, Latonna Spotted Eagle, Judge Sam Haddon, Wendy Running Crane, Misty Dawn Kelly, Darlene Anne Barron, Gennea Adelle Danks, Alan Robert Thorne, Tom Herr, Colleen Gray, Montana Child & Family Services, Montana Child Protective Services, Blackfeet Tribal Child Protective Services, the Federal Bureau of Investigations, and Blackfeet Indian Health Services.

### B. Prior Criminal Proceedings

On February 26, 2001, Mr. Jimenez was indicted for assault with intent to murder an individual on the Blackfoot Indian Reservation. *United States v. Jiminez*, 01-CR-00022-GF-DWM, Doc. 1. Mr. Jimenez pleaded guilty on May 10, 2001. (*Id.* at Doc. 68.) On September 18, 2001, he was sentenced to 27 months in the Bureau of Prisons. (*Id.* at Doc. 106).

On January 17, 2013, Mr. Jimenez was charged by criminal complaint with

assault resulting in serious bodily injury for an assault on his wife. *United States v. Jimenez*, Criminal Action No. 13-CR-00006-GF-DLC, Doc. 2. An indictment was filed on February 6, 2013. (*Id.* at Doc. 10.) On April 3, 2013, a Superseding Indictment charged Mr. Jimenez with eleven counts of assault resulting in serious bodily injury based upon alleged assaults on Mr. Jimenez's wife and children. A jury trial was held in July 2013; the jury found Mr. Jimenez guilty on ten of the eleven counts in the superseding indictment. (Jury Verdict, *United States v. Jimenez*, 13-CR-00006-GF-DLC, Doc. 106.) Mr. Jimenez was sentenced to the Bureau of Prison for term of 210 months, and judgment was entered. *Id.* at Doc. 126. That matter is currently pending on appeal to the Ninth Circuit Court of Appeals.

### C. Allegations

Mr. Jimenez alleges Defendants entered into a memorandum of agreement in 2001. Defendants allegedly agreed to lower the federal evidentiary threshold for federal indictments of Native Americans from plausible to viable. He alleges Defendants obtained false federal indictments against him in 2001 and 2013 and the Court and attorneys erred with various jury instructions. (Doc. 2 at 4, 6-7).

Mr. Jimenez also alleges that beginning in November 2012 Defendants perpetuated a policy, practice, or pattern of prejudicial investigations and

investigations of a lesser quality than would otherwise be provided to non-Indians. (Doc. 2 at 8-11.)

## III. STATUS

Mr. Jimenez is a prisoner proceeding in forma pauperis. Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must screen a case to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), § 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is that review.

## IV. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standards

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

5

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted).

**Leave to amend**

Mr. Jimenez, representing himself, is entitled to have his Amended Complaint liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

6

The Court should freely give leave for Mr. Jimenez to amend his Complaint "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Judicial Immunity**

A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). A judge is not immune for nonjudicial actions or for actions taken in the complete absence of all jurisdiction. *Id.* at 11.

**Prosecutorial Immunity**

Prosecuting attorneys "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (internal citations omitted)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)).

**Challenge to Conviction**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme

Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id*. at 486-87. A plaintiff bringing a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

    **B. Analysis**

**Immunity**

    Mr. Jimenez's Complaint names two judges and six prosecuting attorneys as Defendants. Mr. Jimenez has failed to show the judges took nonjudicial actions or took actions beyond their jurisdiction. *See Mireles*, 502 U.S. at 11. He has likewise failed to overcome prosecutorial immunity because prosecuting attorneys are absolutely immune for their conduct in initiating a case. *Burns*, 500 U.S. at 486 (internal quotation omitted). Accordingly, Defendants Hon. Dana L. Christensen and Hon. Sam E. Haddon and prosecuting attorneys Ryan Weldon,

Mike Cotter, Kris A. McLean, William Mercer, Marsha Hurd, and Lori Suek are immune from suit and should be dismissed.

**Challenge to Conviction**

Mr. Jimenez seeks to challenge the validity of his convictions. A determination in this Court regarding whether any of Mr. Jimenez's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As none of Mr. Jimenez's convictions have been reversed, declared invalid, expunged, or called into question, Mr. Jimenez's claims are barred by the doctrine set forth in *Heck*.

## V. CONCLUSION

**Leave to Amend**

Judges Christensen and Haddon and prosecuting attorneys Ryan Weldon, Mike Cotter, Kris McLean, William Mercer, Marsha Hurd, and Lori Suek are entitled to absolute immunity and should be dismissed. Mr. Jimenez's claims are barred by the *Heck* doctrine. These are not defects which could be cured by amendment, and the Complaint should be dismissed with prejudice.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the

> district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Jimenez has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court should certify that any appeal of this matter would not be taken in good faith.

It is **ORDERED:**

1. Mr. Jimenez's Motion for Leave to Proceed in forma pauperis (Doc. 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on January 26, 2015.

It is **RECOMMENDED:**

1. Mr. Jimenez's Complaint (Doc. 2) should be **DISMISSED** with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jimenez may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 5th day of February, 2015.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge