# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| FREDDY WAYNE JIMENEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>JASON MICHAEL BOWEN, RYAN WELDON, BLACKFEET INDIAN TRIBE, BUREAU OF INDIAN AFFAIRS, DANA A. CHRISTENSEN, MIKE COTTER, KRIS A. MCLEAN, WILLIAM MERCER, MARSHA GOOD SEPT-HURD, LORI SUEK, LATONNA SPOTTED EAGLE, SAM E. HADDON, WENDY RUNNING CRANE, MISTY DAWN KELLY, DARLENE ANNE BARRON, GENNEA ADELLE DANKS, ALAN ROBERT THORNE, TOM HERR, COLLEEN GRAY, MONTANA CHILD & FAMILY SERVICES, MONTANA CHILD PROTECTIVE SERVICES, BLACKFEET TRIBAL CHILD PROTECTIVE SERVICES, FEDERAL BUREAU OF INVESTIGATIONS, and BLACKFEET INDIAN HEALTH SERVICES,<br><br>          Defendants. | CV-15-13-GF-BMM<br><br>**ORDER** |

      Plaintiff Freddy Jimenez (Jimenez) is a federal prisoner proceeding *pro se*. Jimenez filed a Complaint on January 26, 2015. The Complaint asserts claims under 42 U.S.C. § 1983. The claims challenge the validity of Jimenez's federal

criminal convictions in 2001 and 2013. Jimenz alleges that the convictions were invalid because: 1) Defendants entered into an "illegal memorandum of agreement" to lower the federal evidentiary threshold for federal indictments of Native Americans from plausible to viable; 2) Defendants obtained "false federal indictments" against him; 3) Defendants submitted erroneous instructions to the jury; and 4) Defendants "perpetrat[ed] a policy, practice, or pattern of shoddy and prejudicial investigations" of a lesser quality than would otherwise be provided to non-Indians. (Doc. 2 at 4, 6-11).

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 5, 2015. (Doc. 4). Judge Johnston recommended that the Complaint be dismissed because it failed to state a claim under § 1983. (Doc. 4 at 10-11). Jimenez did not file objections to Judge Johnston's Findings and Recommendations.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full. When a plaintiff who has been convicted of a crime seeks relief under § 1983, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the answer is yes, the § 1983 claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Neither of Jimenez's federal convictions have been reversed, declared invalid, expunged, or called into question. Dismissal of the § 1983 claims is appropriate.

Accordingly, IT IS ORDERED:

1. Plaintiff's Complaint (Doc. 2) is DISMISSED with prejudice.

2. Any appeal of this decision would not be taken in good faith as Plaintiff's claims are frivolous.

3. The Clerk is directed to enter judgment accordingly.

DATED this 7th day of April, 2015.

/s/ Brian Morris

Brian Morris
United States District Court Judge